UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RAIDER MARKETING, LP, EXCO RESOURCES, INC., EXCO OPERATING COMPANY, LP, AND EXCO LAND COMPANY, LLC,<br><br>PLAINTIFFS,<br><br>V.<br><br>CHESAPEAKE ENERGY MARKETING, LLC,<br><br>DEFENDANT. | CIVIL ACTION NO._____ |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Chesapeake Energy

Marketing, LLC, now known as Chesapeake Energy Marketing, L.L.C. ("**Defendant**") hereby

removes to this Court the action styled *Raider Marketing, LP, EXCO Resources, Inc., EXCO*

*Operating Company, LP, and EXCO Land Company, LLC v. Chesapeake Energy Marketing,*

*LLC*, Cause No. DC-17-06672, in the 14th District court of Dallas County, Texas.  Defendant

removes this case on the basis of this Court's original diversity jurisdiction under 28 U.S.C. §

1332(a).  Complete diversity of citizenship exists, and the amount in controversy exceeds

$75,000.00, exclusive of interest and costs.  In support of removal, Defendant states as follows:

### I.      The State Court Action

1.      On June 6, 2017, Plaintiffs Raider Marketing, LP, EXCO Resources, Inc., EXCO

Operating Company, LP, and EXCO Land Company, LLC (collectively, "**Plaintiffs**") filed

Plaintiffs' Verified Original Petition and Application for Temporary Restraining Order and

Temporary Injunction ("**Plaintiffs' Petition**") in *Raider Marketing, LP, EXCO Resources, Inc.,*

*EXCO Operating Company, LP, and EXCO Land Company, LLC v. Chesapeake Energy*

*Marketing, LLC*, Cause No. DC-17-06672, in the 14th District court of Dallas County, Texas (the

"**State Court Action**").

      2.      Defendant is the only defendant in the State Court Action.  Defendant first

received a copy of Plaintiffs' Petition on June 6, 2017, when Defendant's outside counsel was

notified of the filing of Plaintiffs' Petition.

      3.      Under 28 U.S.C. § 1446(a) and Local Civil Rule LR 81.1(a)(4), copies of the

following documents are attached to this Notice of Removal:

| | |
|---|---|
| **Exhibit A:** | Index of documents filed with Defendant's Notice of Removal and copies of each document filed in the State Court Action, except discovery material: |
| **Exhibit A-1:** | Civil Case Information Sheet (filed June 6, 2017) |
| **Exhibit A-2:** | Plaintiffs' Verified Original Petition and Application for Temporary Restraining Order and Temporary Injunction (filed June 6, 2017) |
| **Exhibit B:** | A copy of the docket sheet in the State Court Action (printed June 7, 2017); and |
| **Exhibit C:** | Defendant's Certificate of Interested Persons. |

## II.      Original Subject-Matter Jurisdiction

      4.      This Court has original diversity jurisdiction over this case under 28 U.S.C.

§ 1332(a).  Complete diversity of citizenship exists, and the amount in controversy exceeds the

sum of $75,000.00, exclusive of costs and interest.  Complete diversity of citizenship existed at

the time Plaintiffs filed the State Court Action, and exists at the time of this removal.  Thus, the

State Court Action may be removed to this Court under 28 U.S.C. § 1441(a).

**A.      Diversity of Citizenship**

5.      Complete diversity of citizenship exists between Plaintiffs and Defendant because Plaintiffs and Defendant are citizens of different states.

**1.      Citizenship of Plaintiffs**

**a.      Citizenship of Raider Marketing, LP**

6.      Plaintiff Raider Marketing, LP is a citizen of the state of Delaware.  Limited partnerships are deemed citizens of every state where any partner resides. *Ravenswood Invs. Co. v. Avalon Corr. Servs.*, 651 F.3d 1219, 1222 (10th Cir. 2011).  Based on publicly available information, Raider Marketing, LP's partners are citizens of the state of Delaware.  None of Raider Marketing, LP's partners is a citizen of the state of Oklahoma.

**b.      Citizenship of EXCO Resources, Inc.**

7.      Plaintiff EXCO Resources, Inc. is a citizen of the state of Texas.  EXCO Resources, Inc. is a corporation incorporated in Texas with its principal place of business in Texas, and is therefore a citizen of Texas.  28 U.S.C. § 1332(c)(1).

**c.      Citizenship of EXCO Operating Company, LP**

8.      Plaintiff EXCO Operating Company, LP is a citizen of the state of Texas. Limited partnerships are deemed citizens of every state where any partner resides. *Ravenswood Invs. Co. v. Avalon Corr. Servs.*, 651 F.3d 1219, 1222 (10th Cir. 2011).  The general partner of EXCO Operating Company, LP is EXCO Partners OLP GP, LLC.  The sole member of EXCO Partners OLP GP, LLC is EXCO GP Partners Old, LP.

9.      The limited partner of EXCO Operating Company, LP is EXCO GP Partners Old, LP.  The general partner of EXCO GP Partners Old, LP is EXCO Partners GP, LLC.  The sole

member of EXCO Partners GP, LLC is EXCO Resources, Inc.  EXCO Resources, Inc. is a corporation incorporated in Texas with its principal place of business in Texas, and is therefore a citizen of Texas.

10.    The limited partner of EXCO GP Partners Old, LP is EXCO Resources, Inc. Therefore, Plaintiff EXCO Operating Company, LP is a citizen of the state of Texas.

       **d.**    **Citizenship of EXCO Land Company, LLC**

11.    Plaintiff EXCO Land Company, LLC is a citizen of the state of Texas.  For diversity jurisdiction purposes, a limited liability company is a citizen of all states in which its members are citizens.  *Central W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011).  The sole member of EXCO Land Company, LLC is EXCO Operating Company, LP.

12.    The general partner of EXCO Operating Company, LP is EXCO Partners OLP GP, LLC.  The sole member of EXCO Partners OLP GP, LLC is EXCO GP Partners Old, LP.

13.    The limited partner of EXCO Operating Company, LP is EXCO GP Partners Old, LP.  The general partner of EXCO GP Partners Old, LP is EXCO Partners GP, LLC.  The sole member of EXCO Partners GP, LLC is EXCO Resources, Inc.  EXCO Resources, Inc. is a corporation incorporated in Texas with its principal place of business in Texas.  Therefore, EXCO Land Company, LLC is a citizen of the state of Texas.

       **2.**    **Citizenship of Defendant**

14.    Defendant is a citizen of the state of Oklahoma.  For diversity jurisdiction purposes, a limited liability company is a citizen of all states in which its members are citizens.  *Central W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011).  The sole member of Chesapeake Energy Marketing, L.L.C. is Chesapeake Energy

Corporation.

15.     Defendant Chesapeake Energy Corporation is a corporation incorporated in Oklahoma with its principal place of business at 6100 N. Western Avenue, Oklahoma City, Oklahoma 73118.   Therefore, Chesapeake Energy Corporation is a citizen of the state of Oklahoma.

16.     Therefore, complete diversity of citizenship exists between Plaintiffs and Defendant in this lawsuit under 28 U.S.C. § 1332(a).  Plaintiffs are citizens of the states of Delaware and Texas and no other states.  Defendant is a citizen of the state of Oklahoma and no other states.

**B.     Amount in Controversy**

17.     The amount in controversy in this action exceeds $75,000.00, exclusive of interest and costs.

18.     Removal is proper on the basis of an amount in controversy asserted if the court finds, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  28 U.S.C. § 1446(c)(2)(B).  A "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (U.S. 2014).

19.     Further, in establishing the amount in controversy, Defendant may rely on allegations in Plaintiff's Petition.  *See McPhail v. Deere & Co.*, 529 F.3d 947, 955-56 (10th Cir. 2008) (a "complaint that presents a combination of facts and theories of recovery that may support a claim in excess of $75,000 can support removal."); *see also In re Carter*, 618 F.2d 1093, 1101 (5th Cir. 1980) ("It is a fundamental principle of law that whether subject matter jurisdiction exists is a question answered by looking at the complaint as it existed at the time the

petition for removal was filed."). The court may refer to the types of claims alleged and the

nature of the damages sought. *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995).

20.     It is apparent from reviewing Plaintiffs' allegations and claims in Plaintiffs'

Petition that the amount in controversy exceeds $75,000.00, exclusive of costs and interest.

Plaintiffs allege that Defendant allegedly wrongfully terminated a Base Contract for Sale and

Purchase of Natural Gas (the "Base Contract") under which Defendant buys gas from Plaintiff

Raider Marketing, LP "from April 2013 until June 2032, and Raider [Marketing, LP] pays

[Defendant] for [Defendant's] costs associated with transporting and processing the gas under a

mutually agreed upon price/cost structure." Plaintiffs' Petition ¶ 1.  Plaintiffs further allege that

Defendant "is attempting to hold up the impending $300 million sale of EXCO Resources' South

Texas oil and natural gas properties…by unreasonably withholding consent and seeking to

terminate the Contracts on improper grounds." *Id.* ¶ 2.  Plaintiffs assert causes of action for (a)

breach of contract; (b) declaratory relief; (c) tortious interference with existing contract; and (d)

tortious interference with prospective business relations. *Id.* ¶¶ 61-93.  As damages, Plaintiffs

seek "monetary relief in excess of $1,000,000.00 along with non-monetary relief." *Id.* ¶ 16.

21.     Plaintiffs further seek injunctive relief restraining Defendant from "violating the

Base Contract and Transaction Confirmation #7, including without limitation, closing receipt

points for Raider's gas or preventing receipt or delivery of Raider's gas, or refusing to pay for

such gas." *Id.* ¶ 100.

22.     Plaintiffs also asks to recover their attorneys' fees and expenses. *Id.* ¶ 103.

23.     Based on the nature of Plaintiffs' claims and monetary relief sought "in excess of

$1,000,000.00", it is facially evident that Plaintiffs seek to recover over $75,000.00, exclusive of

costs and interest.

24.     Because (a) this action is wholly between citizens of different states—Texas and Delaware, on the one hand, and Oklahoma, on the other hand; (b) Defendant is not a citizen of Texas; and (c) the amount in controversy exceeds the sum or value of $75,000, exclusive of costs and interest, this Court has original subject-matter jurisdiction over this case under 28 U.S.C. § 1441 and 28 U.S.C. § 1332.

### III.    Timeliness of Removal

25.     As required by 28 U.S.C. § 1446(b), this Notice of Removal is timely because it is filed within 30 days of Defendant's receipt of Plaintiffs' Petition.

26.     Defendant received a copy of Plaintiffs' Petition on June 7, 2017.

27.     Therefore, this Notice of Removal is being filed within 30 days of Defendant's receipt of Plaintiffs' Petition.

### IV.    Other Procedural Requirements

28.     Defendant files this Notice of Removal in the United States District Court for the Northern District of Texas, Dallas Division, which is the district and division within which the State Court Action was pending.  *See* 28 U.S.C. § 1441(a); 28 U.S.C. § 124(a)(2).

29.     Immediately following the filing of this Notice of Removal, written notice of the filing of this Notice of Removal will be served on Plaintiffs' counsel, as required by 28 U.S.C. § 1446(d).

30.     Defendant will promptly file a copy of this Notice of Removal with the Clerk of the 14th District Court of Dallas County, Texas, where the State Court Action was pending, as required by 28 U.S.C. § 1446(d).

31.     By removing this action to this Court, Defendant does not waive any defenses, objections, or motions available under state or federal law.

### V.      Conclusion

For these reasons, Defendant Chesapeake Energy Marketing, L.L.C. hereby removes the State Court Action to the United States District Court for the Northern District of Texas, Dallas Division, in accordance with 28 U.S.C. §§ 1441 and 1446 and Local Civil Rule LR 81.1. Defendant respectfully asks that this Court assume jurisdiction over this action and that all further proceedings in the State Court Action be stayed.

Dated:  June 7, 2017

Respectfully submitted,

 /s/ Craig A. Haynes
Craig Haynes
State Bar No. 09284020
craig.haynes@tklaw.com

Greg W. Curry
Texas Bar No. 05270300
greg.curry@tklaw.com

Rachelle Glazer
State Bar No. 09785900
rachelle.glazer@tklaw.com

THOMPSON & KNIGHT LLP
One Arts Plaza
1722 Routh Street, Suite 1500
Dallas, TX  75201
Telephone: 214.969.1700
Facsimile: 214.969.1751

Jennifer P. Henry
Texas Bar No. 15859500
jennifer.henry@tklaw.com

THOMPSON & KNIGHT LLP
801 Cherry Street, Suite 1600
Fort Worth, Texas 76102
Telephone:  (817) 347-1700
Fax:  (817) 347-1799

ATTORNEYS FOR DEFENDANT

**Defendant's Notice of Removal – Page 8**
522221 000609 19520731.1

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was filed electronically on June 7, 2017, and, in compliance with Local Civil Rule LR 5.1(d), a copy of this document has been served on counsel of record for Plaintiffs.

*/s/ Rachelle H. Glazer*
Rachelle H. Glazer